24-567-cr
United States v. Kauapirura

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-five.

PRESENT: JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                              No. 24-567-cr

EHRENFRIEDE KAUAPIRURA,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:       SUSAN G. KELLMAN, Law
                               Offices of Susan G. Kellman,
                               Brooklyn, NY

FOR APPELLEE:                  HANNAH COOK, Attorney, Tax
                               Division, United States
                               Department of Justice,
                               Washington, DC (David A.
                               Hubbert, Deputy Assistant
                               Attorney General, S. Robert
                               Lyons, Chief, Criminal
                               Appeals and Tax Enforcement
                               Policy Section, Katie Bagley,
                               Joseph B. Syverson, Attorneys,
                               Tax Division, United States
                               Department of Justice,
                               Washington, DC, *on the brief*),
                               *for* Breon Peace, United States
                               Attorney for the Eastern
                               District of New York,
                               Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Diane Gujarati, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Ehrenfriede Kauapirura, who stands convicted of one count of filing a false

tax return, one count of assisting in the preparation of a false tax return, one

count of interference with the administration of the internal revenue laws, and

four counts of failing to file a tax return, appeals from a March 14, 2024 judgment of the United States District Court for the Eastern District of New York (Gujarati, *J.*) denying her post-trial motions and sentencing her principally to 33 months in prison. Each of Kauapirura's claims on appeal concerns a government report summarizing the alleged improprieties of Internal Revenue Service ("IRS") Officer Latoya Coleman (the "Coleman Report"), who was a hearsay declarant against Kauapirura at trial. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

As an initial matter, Kauapirura argues that the District Court erred in construing her *pro se* post-trial motion only as a motion for judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure, rather than also as a motion for a new trial under Rule 33. For purposes of this appeal, we consider Kauapirura's claims under the Rule 33 standard, "the ultimate test for [which] is whether letting a guilty verdict stand would be a manifest injustice." *United States v. Landesman*, 17 F.4th 298, 330 (2d Cir. 2021) (quotation marks omitted); *see also id.* (noting that courts have "broader discretion to grant a new trial pursuant

3

to Rule 33 than to grant a motion for a judgment of acquittal pursuant to [Rule] 29" (quotation marks omitted)).

Kauapirura contends that the Government failed to satisfy its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). Although the Government disclosed the Coleman Report to defense counsel well before trial, Kauapirura claims that it should have redisclosed the report to her after she elected to proceed *pro se*. We disagree. The Due Process Clause imposes on the Government "a constitutional duty to timely disclose material, exculpatory evidence to criminal defendants," including "evidence that could be used to impeach a government witness." *United States v. Kirk Tang Yuk*, 885 F.3d 57, 86 (2d Cir. 2018). The Government violates this duty when it "either willfully or inadvertently" suppresses evidence favorable to the defendant, resulting in prejudice to her defense. *United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001). Here, however, the Government never suppressed evidence favorable to Kauapirura. It disclosed the Coleman Report to her then-defense counsel. Although Kauapirura thereafter proceeded *pro se*, the Government was not obligated to redisclose the report under the circumstances of this case. First, after being terminated from representing her, Kauapirura's attorney asserted in open court

4

that he would provide Kauapirura with the discovery materials. Second, Kauapirura thereafter confirmed to the District Court "that she had received the discovery materials from the Government and from her former counsel." D. Ct. Dkt. No. 47 at 1. We therefore conclude that the Government's disclosure of the Coleman Report satisfied its obligations under *Brady*.

Kauapirura next argues that the Government violated its obligations under *Napue v. Illinois*, 360 U.S. 264, 269 (1959), by failing to correct the testimony of IRS agent David Smith. "The Supreme Court has consistently held that a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Drake v. Portuondo*, 553 F.3d 230, 241 (2d Cir. 2009) (cleaned up); *see United States v. Monteleone*, 257 F.3d 210, 219 (2d Cir. 2001). At trial, Kauapirura cross-examined agent Smith about Coleman's "personal problems." App'x 69. Agent Smith testified that Coleman had "financial difficulties" and "a family member . . . with extensive health issues." App'x 69. Although agent Smith did not mention the other facts alleged in the Coleman Report, we see nothing in the record to suggest that the testimony he provided about Coleman, or any of his other testimony, "was, in fact, false."

5

*United States v. Alston*, 899 F.3d 135, 147 (2d Cir. 2018).  Moreover, Kauapirura

was free to cross-examine agent Smith in greater depth about Coleman to elicit

more information.  We therefore conclude that Kauapirura failed to make out a

claim that the Government offered or failed to correct false testimony under

*Napue*.

Kauapirura also argues that the District Court erred by failing to grant

Kauapirura's post-trial recusal motion, and that the same error rendered her

sentence procedurally and substantively unreasonable because it tainted her

sentence with the perception of bias.  We review recusal decisions for abuse of

discretion.  *See United States v. Rechnitz*, 75 F.4th 131, 142 (2d Cir. 2023).  It

appears to be uncontested that the District Judge had previously served as a

federal prosecutor who declined to pursue criminal charges against Coleman for

her alleged improprieties.  Kauapirura principally contends that the District

Judge's objectivity in the present case could thus "reasonably be questioned."  28

U.S.C. § 455(a).  We disagree.  The District Judge's personal connection to

Kauapirura's case through Coleman was, at best, "indirect."  *United States v.*

*Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).  Recusal is typically "not required on

the basis of remote, contingent, indirect or speculative interests."  *Rechnitz*, 75

F.4th at 147 (quotation marks omitted).  We conclude that the District Judge's

discretionary decision not to recuse fell "within the range of permissible

decisions."  *City of New York v. Golden Feather Smoke Shop, Inc.*, 597 F.3d 115, 120

(2d Cir. 2010) (quotation marks omitted).

    We have considered Kauapirura's remaining arguments and conclude that

they are without merit.  For the foregoing reasons, the judgment of the District

Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7